
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FANYA YOUNG, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THIRD AND MISSION ASSOCIATES, LLC, DBA The Paramount; RELATED PROPERTY MANAGEMENT; RELATED CALIFORNIA; KIMBALL TIRFY & ST. JOHN LLP; RELATED CO. INC., <br><br> Defendants-Appellees. | Nos. 14-16926 <br> 15-15108 <br><br> D.C. No. 3:14-cv-03627-WHA <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 15, 2017<sup>**</sup>
San Francisco, California

---

  <sup>*</sup>  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  <sup>**</sup>  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[***] District Judge.

Fanya Young appeals the district court's dismissal of her complaint against Defendants Third & Mission Associates ("TMA"), Related Property Co. ("Related"), and Kimball, Tirey & St. John, LLP ("KTS") (collectively, "Defendants"), and the district court's denial of her motion for sanctions against KTS. Young also appeals the district court's execution of her temporary restraining order bond and award of $763 to TMA. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. The district court did not abuse its discretion in denying Young's motion for sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990). Young failed to comply with the "strict procedural requirements" to obtain sanctions under Rule 11 because she did not serve a motion on Defendants and provide them with at least twenty-one days to retract the pleading before seeking sanctions from the court. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).

2. Young's complaint failed to state a claim and was appropriately dismissed. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040

---

[***] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

2

(9th Cir. 2011) (we review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

First, Young alleged a claim under the Fair Credit Reporting Act ("FCRA"). Her complaint, however, does not identify which provision of the FCRA Defendants are alleged to have violated, but instead cites a provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The complaint lacks any plausible allegations that Defendants reported her debt to any third parties. Moreover, Young has forfeited any challenge to the district court's dismissal of her FCRA claims because she failed to offer any argument in her opening brief on appeal. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Second, Young has failed to state a claim for relief for violations of Department of Housing and Urban Development regulations as codified at 24 C.F.R. § 247. Young's proffered exhibits do not "allow[] the court to draw the reasonable inference," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that her unit was part of a "subsidized project" within the meaning of 24 C.F.R. § 247.2 and thus that TMA was subject to the regulations set forth in 24 C.F.R. § 247.

Third, Young has failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA"). Young claims an attorney for KTS and alleged agent of TMA, withheld or provided misleading information regarding Young's outstanding

3

balance and improperly applied late fees, and that Defendants violated 15 U.S.C. § 1692d. Young's complaint does not include any factual allegations that could be construed as harassment in violation of 15 U.S.C. § 1692d. Nor does Young plausibly allege misrepresentations by Defendants. The exhibits attached to Young's complaint fail to evince the discrepancies she alleges and in fact contradict some of the statements in her complaint. Young's complaint also fails to include allegations to support her claim that TMA acted improperly in imposing late fees.

3. The district court did not err in executing Young's bond. The district court maintained jurisdiction to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" during the pendency of Young's appeal. Fed. R. Civ. P. 62(c). TMA was "wrongfully enjoined" from evicting Young between August 12, 2014, when the district court issued a temporary restraining order, and September 4, 2014, when the district court lifted the order and denied Young's motion for a preliminary injunction. *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994). TMA was therefore entitled to "provable damages," which the district court reasonably concluded equaled one month's rent, or $763. *See id.*

4.  Young's motions to "transmit physical and documentary exhibits" [Dkt. #24, 30] are DENIED. *Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) (appellate review is limited to the record before the district court).

**AFFIRMED**.